**SKOLNICK LEGAL GROUP, P.C.**
Martin P. Skolnick, Esq.
103 Eisenhower Parkway, Suite 305
Roseland, NJ 07068
Ph: 973-403-0100
martin@skolnicklegalgroup.com
Local Counsel for Plaintiff

**DHF LAW, P.C.**
Devin Fok (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
*Pro Hac Vice Application forth coming*

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN KAY RUNYON, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CLEARSTAR, INC., LICEDOCTORS LLC, APPRISS INSIGHTS, LLC, and DOES 1-10 inclusive,<br><br>Defendant(s). | **Case No.: 2:24-cv-01519**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**<br><br>1. **15 U.S.C. §1681e(b);**<br>2. **15 U.S.C. §1681k(a);**<br>3. **15 U.S.C. §1681i(a)(5);**<br>4. **15 U.S.C. §1681b(b)(3)**<br><br>**JURY TRIAL DEMANDED** |

-1-

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

**COMPLAINT**

Plaintiff CAROLYN KAY RUNYON (hereafter "Plaintiff") by and through her attorneys, on behalf of herself and the classes set forth below, brings the following First Amended Class Action Complaint and Demand for a Jury Trial against the Defendants ClearStar, Inc. ("Clearstar"), LiceDoctors, LLC ("LiceDoctors"), Inc. Appriss Insights, LLC, ("Appriss") and DOES 1-10 fictitious persons (hereinafter collectively as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This putative class action is brought pursuant to 15 U.S.C. § 1681 et seq., more commonly known as the Fair Credit Reporting Act ("FCRA"), against background check software screening companies ClearStar and Appriss. ClearStar and Appriss routinely violate the FCRA's basic protections by, *inter alia,* failing to use reasonable procedures to ensure the maximum possible accuracy of the information reported when providing tenant screening reports which includes but not limited to an applicant's credit, criminal and civil record searches, sex offender registry, motor vehicle record, and credit history searches, employment verification and education verification background checks to prospective consumers as required by § 1681(e)(b) of the FCRA. Defendant LiceDoctors violates the FCRA pursuant to 15 U.S.C. § 1681 et seq., specifically § 1681b(b)(3) by failing to provide pre-adverse action notices to potential employees who are subject to adverse action as a result of information stated on background check reports.

2. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 was enacted to ensure that background screening companies or "consumer reporting agencies" exercise their "grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Id § 1681(a)(4).

3. ClearStar and Appriss are each a "Consumer Reporting Agency" as defined under 15 U.S.C. §1681a(f), because they collect and furnish consumer information, including public record information about a consumer's criminal history, to a paying customer for enumerated purposes.

-2-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

4.    Defendant LiceDoctors, LLC is a professional and mobile head lice treatment and nit removal company that serves over 100 cities across the United States.

5.    Defendant Appriss Insights, LLC is company that specializes in providing data analytics and information that can be used for consumer reporting purposes under the FCRA (Fair Credit Reporting Act). Their services often include background checks, criminal record searches, and other types of consumer information reports that are to be used by employers, landlords, and other entities used to evaluate individuals.

6.    In connection with Plaintiff's employment application, LiceDoctors, LLC offered conditional employment to Plaintiff as a Head Lice Removal Technician on the basis that Plaintiff pass a background check.

7.    On or about April 15, 2022, Defendant Clearstar, provided a consumer report ("Report") regarding Plaintiff to her prospective employer, LiceDoctors, LLC.

8.    Clearstar, Inc. obtained the information contained in the background check report from Appriss Insights, LLC, a private third party vendor.

9.    The Report disclosed that Plaintiff has a criminal record or sex offender under its National Criminal Database without disclosing the actual content of the record. Specifically, the Report failed to disclose any information related to the alleged existence of a criminal record such as the case number(s), the date the charges were filed, the name of the charges, the severity of the offense (e.g., misdemeanor, felony, etc.), the disposition, or the disposition date.

10.    The Report disclosed only a red flag associated with the following search: "National Criminal Database Check– AN (All Names)  - Includes Sex Offender Registry and SSN Trace. "A true and correct copy of the redacted report is attached hereto as Exhibit 1.

11.    Since no other criminal history information is disclosed, it is unclear whether ClearStar and/or Appriss found a criminal record or sex offender record. Both would be detrimental but the implication that Plaintiff somehow has a sex offender record would be more so.

-3-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

12.     Additionally, the Report stated Plaintiff's Social Security Number was issued prior to her date of birth.

13.     The Report also disclosed stated the Plaintiff's Social Security Number was issued in the year 1973.

14.     The date Plaintiff's Social Security Number was issued was June 1, 1977. Plaintiff's date of birth is March 15, 1977.

15.     Upon notice of the error, Plaintiff reached out to Defendant ClearStar, Inc. to dispute the matters and requesting to provide additional information if necessary.

16.     Defendant ClearStar, Inc. responded to the matter that they are unable to correct the year of her social security number due to the information being provided by the Social Security Administration ("SSA").

17.     Upon Plaintiff contacting the SSA, she was relayed that the SSA indeed had her correct information regarding her date of birth in connection with her Social Security number.

18.     Despite the SSA having the correct date of issuance for her Social Security Number, Defendant ClearStar, Inc. failed to amend the erroneous information on the Report or delete information that cannot be verified within 30 days.

19.     To date ClearStar has never updated the Report.

20.     Under the FRCA, specifically 15 USC § 1681e(b) ClearStar and Appriss were required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported about Plaintiff to LiceDoctors, LLC in the Report. Failing to ensure accurate information regarding Plaintiff's Social Security Number is an exact violation of this statute.

21.     Defendant ClearStar, Inc. did not have defined processes to verify the accuracy of the public records information provided by Appriss.

22.     As a direct result of the failure to verify public records and provide complete information regarding criminal history flagged, Plaintiff was denied employment with LiceDoctors, LLC.

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

23. Defendant, LiceDoctors, LLC notified Plaintiff via email that due to the results of the Report, they cannot offer her the role of a Technician with their company anymore.

24. Defendant LiceDoctors, LLC failed to provide a pre-adverse action notice to Plaintiff before taking adverse action on her employment.

25. LiceDoctors, LLC also failed to state the exact reasoning behind denying her employment, only vaguely mentioning criminal activity or information.

26. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denial of employment.

27. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

28. Plaintiff is an individual and resident of Raymond, Ohio.

29. Defendant Clearstar, Inc., and Appriss Insights, LLC are consumer reporting agencies within the meaning of the FCRA, specifically 15 USC § 1681a(f).

30. Defendant Clearstar Inc. is an employment background screening agency headquartered at 6250 Shiloh Rd STE 300, Alpharetta, GA 30005.

31. Defendant Appriss Insights, LLC is a company that provides information for use under the FCRA, which includes background checks and criminal record searches. They are headquartered at 9901 Linn Station Road, Suite 500, Louisville, Kentucky, 40223.

32. Appriss Insights, LLC's parent organization is Equifax, which acquired Appriss in 2021. They are a division of Appriss, Inc.

33. Defendant LiceDoctors, LLC is headquartered at 21 Pine Drive South, Roslyn, New York, 11576.

34. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

-5-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

35.     Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

36.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

32.     The Court has jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355 and 15 U.S.C. §1681p.

33.     The venue is proper pursuant to 28 U.S.C. §1391(b)(c). Defendant LiceDoctors, LLC's principal place of business is in Roslyn, New York. Additionally, ClearStar and Appriss regularly sell consumer reports to individuals within this District, as well as individuals all across the United States, such as for the report procured for Plaintiff, who resides in Raymond, Ohio.

## CLASS ACTION ALLEGATIONS

34.     Accuracy of Background checks within the U.S. labor market is crucial. According to a 2018 survey, 95% of employers conduct one or more types of background screening; and 94% of those include some form of criminal history check. Consumer Financial Protection Bureau, *Market Snapshot: Background Screening Reports. Criminal Background Checks in Employment 4* (October 2019).[1] An inaccurate or misleading criminal history report can derail job offers, leaving job-seekers unemployed for significant periods of time. See *Williams v. First Advantage LNS Screening Solutions, Inc.*, 238 F. Supp. 3d 1333, 1341–42 (N.D. Fla. 2017), aff'd in part 947 F.3d 735. The

---

[1] Available at https://files.consumerfinance.gov/f/documents/201909_cfpb_market- snapshot-background-screening_report.pdf.

-6-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

inaccurate background check generated by ClearStar, Inc. resulted in Plaintiff losing her job offer.

35.    Recognizing that the accuracy of background-check reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA, 15 U.S.C. §§ 1681a, *et seq*. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

36.    A "consumer" is defined in FCRA as "an individual." 15 U.S.C. §1681a(c). A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for ... employment." 15 U.S.C. § 1681a(d)

37.    ClearStar, Inc. prepares background check reports by assembling and evaluating information including but not limited to individuals' criminal histories, social security traces, and sex offender registry searches then sell these reports to, among others, prospective employers. ClearStar, Inc. uses means and facilities of interstate commerce to prepare and furnish these reports, including but not limited to the internet, interstate telephone services, and interstate mail delivery services. ClearStar, Inc's reports are therefore governed by FCRA.

38.    Under the FRCA, specifically 15 USC § 1681e(b), Defendant ClearStar, Inc. was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported to employers who procure background checks from them.

39.    Defendant ClearStar, Inc.'s practices and procedures affected and continue to affect Plaintiff and other consumers on whom they prepare background check reports, sell information, and furnish reports to third parties.

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

40.    An employer is prohibited from taking any adverse action against the job applicant based on information on a consumer report, unless the employer first provides a meaningful opportunity for the applicant to dispute the information with the consumer reporting agency.  Specifically, the employer has the duty to provide a copy of the consumer report and a written description of the consumer's rights under the FCRA "before taking any adverse action based in whole or in part on the report" on the person "intending to take such adverse action."  15 U.S.C. § 1681b(b)(3).  This duty is generally referred to as the duty to provide "a pre-adverse action notice".

41.    The statutory intent of these provisions is clear. At each stage of the hiring process, an employer must provide the job applicant sufficient access to what private information about her is being reported that may ultimately be used against her.

42.    Defendant LiceDoctors, LLC's practice and procedure affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of background check reports obtained on them.

43.    Plaintiff Carolyn Kay Runyon's claims are typical of the claims of each Class member she seeks to represent because these claims all arise from the same operative facts and are based on the same legal theories.

a.    LiceDoctors, LLC typically uses consumer reports to conduct background checks on prospective employees.  LiceDoctors, LLC routinely takes an adverse action based in whole or in part on information in consumer reports.  Finally, LiceDoctors, LLC typically does not provide a pre-adverse action notice to the affected consumers prior to the taking of an adverse action.  The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and LiceDoctors, LLC treated Plaintiff consistently with other putative class members in accordance with its standard policies and procedures.

b.    ClearStar regularly collects, assembles, evaluates, and/or compiles information concerning consumers that they know is not complete and/or maximally accurate at the time of reporting the information. Violations of the FCRA suffered by Plaintiff are typical of those suffered by other class members, and ClearStar treated

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

Plaintiff's consumer information consistently with other putative class member in accordance with its standard policies and procedures.

44.    Plaintiff will fairly and adequately protect the Class's interests. Plaintiff is committed to vigorously litigating this matter, and her interests are aligned with those of the Class. Plaintiff has retained counsel experienced in handling FCRA and consumer class actions.

45.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Notice and Report Class Members (defined below) in individually controlling the prosecution of separate claims against defendants is small, as the maximum statutory damages recoverable by any one Notice or Report Class Member is limited to $1,000 under the FCRA. Management of the Notice and Report Class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

46. Plaintiff asserts this action on behalf of her and the putative class pursuant to Federal Rule of Civil Procedure 23(b)(3) for the following class:

Subclass 1 (Report Class)
All natural persons in the United States who were the subject of a background check report that was furnished by ClearStar, Inc. for employment purposes that preceded the filing of the complaint by two years to present and included any flags associated with criminal and/or sex offender searches that failed to include the following items of information:  the case number(s), the date the charge(s) were filed, the name of the charge(s), the severity of the offense(s) (e.g., misdemeanor, felony, etc.), the disposition(s) of the charges, or the disposition date(s) of the charge(s).

Subclass 2 (Pre-Adverse Action Notice Class)
All natural persons in the United States who were subject to adverse action from LiceDoctors, LLC as a result of findings on employment background check reports from within the two years prior the filing of this Complaint to the final resolution of this action and who did not receive a pre-adverse action notice required pursuant to 15 USC §1681b(b)(3)(A). Excluded from the Class are any employees, officers, or directors ClearStar, Inc. or LiceDoctors, LLC, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

Subclass 3 (Post-Adverse Action Notice Class)
All natural persons in the United States who were subject to adverse action from LiceDoctors, LLC as a result of findings on employment background check reports from within the two years prior the filing of this Complaint to the final resolution of this action and who did not receive a post-adverse action notice required pursuant to 15 USC §1681b(b)(3)(B). Excluded from the Class are any employees, officers, or directors ClearStar, Inc. or LiceDoctors, LLC, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

47. The classes are so numerous that joinder of all members is impracticable. Although the precise number of Report Class Members is known only to ClearStar, Inc. Plaintiff is informed and believes, and on that basis alleges, that the Report Class is comprised of thousands of consumers because, in part, ClearStar, Inc. has operated as a consumer reporting agency for 25 years providing screenings to nine different industries in over 30 countries who request background check reports from ClearStar, Inc. *See* ClearStar Partners, located at https://www.clearstar.net/partners/.

48. The precise number of Pre Adverse and Post Adverse Class Members (collectively the "Notice Class") is only known to LiceDoctors, LLC. Plaintiff is informed and believes, and on that basis alleges, that the Pre Adverse and Post Adverse Class Members is comprised of hundreds of employees and prospective employees because, in part, LiceDoctors, LLC provides services in 42 different states. *See* LiceDoctors locations by state, located at https://www.licedoctors.com/locations.  LiceDoctors, LLC regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. LiceDoctors, LLC frequently relies on such information, in whole or in part, as a basis for making an adverse employment decision.

49. The Notice Class (Subclass 2 and 3) is so numerous that joinder of all members is impracticable.  Although the precise number of Notice Class Members is known only to LiceDoctors, LLC and ClearStar, Inc. Plaintiff is informed and believes, and on that basis aforementioned, that the Notice Class is comprised of hundreds of employees for LiceDoctors, and thousands of consumers for ClearStar, Inc.

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

50.    The identities of the individual Report Class Members should be readily ascertainable from ClearStar, Inc.'s records. Notice may be mailed to Report Class Members using the public record information in ClearStar, Inc.'s files, as updated through the National Change of Address Registry

51.    Additionally, the identities of the individual Notice Class Members should be readily ascertainable from LiceDoctors, LLC's records. Notice may be mailed to Notice Class Members using the public record information in LiceDoctors, LLC's files, as updated through the National Change of Address Registry.

52.    There is a significant community of interest among the Report Class Members, as there are questions of law and fact common to the Report Class that predominate over any questions affecting only individual Report Class Members. Those questions include:

a.    Whether ClearStar, Inc. is a "consumer reporting agency" as defined under 15 U.S.C. §1681a(f);

b.    Whether the background check report that ClearStar, Inc. furnished to LiceDoctor, LLC is a "consumer report" as defined under 15 U.S.C. §1681a(d);

c.    Whether ClearStar, Inc. violated the duty to maintain strict procedures designed to ensure that adverse public record information it reports on a consumer for employment purposes is complete and accurate as required under 15 U.S.C. §1681k(a);

d. Whether ClearStar, Inc.'s violations of the duty to maintain strict procedures designed to insure adverse public record information it reports on a consumer is complete and up to date are "willful" as defined under 15 U.S.C. § 1681n;

e. Whether ClearStar, Inc. and LiceDoctors, LLC's failure to comply with the FCRA was willful;

f. Whether Plaintiff and the Class members are entitled to statutory damages and/or punitive damages.

-11-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

**FIRST CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681e(b)**

**Class Claim Against ClearStar, Inc. and Individual Claims against ClearStar, Inc. and Appriss Insights, LLC**

53.   Defendants willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information regarding Plaintiff's Criminal History was accurate.

54.   Specifically, Defendants to fail to include any relevant information related to the alleged existence of Plaintiff's criminal history.

55.   Defendants' conduct was willful and/or reckless because they knew that their failure to ensure an accurate information in accordance with public records is insufficient to ensure maximum possible accuracy of the information reported.

56.   Plaintiff is informed, and believes, and thereon alleges that Defendants failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

57.   Alternatively, Plaintiff alleges that Defendants' violations were negligent as Defendants did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

**SECOND CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681k(a)**

**Class Claim Against ClearStar, Inc. and Individual Claims Against ClearStar, Inc. and Appriss Insights, LLC**

57.   Plaintiff is informed and believes, and thereon alleges that Defendants willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a).

58.   The background check report on Plaintiff that Defendant ClearStar, Inc. and

-12-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

Appriss Insights, LLC provided to Defendant LiceDoctors, LLC is a "consumer report" as defined under 15 U.S.C. §1681a(d), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes, including employment purposes.

59.     Defendants ClearStar, Inc. and Appriss Insights, LLC are "consumer reporting agencies" as defined under 15 U.S.C. §1681a(f), because they collect and furnish consumer information, including public record information about a consumer's criminal history, to a paying customer for enumerated purposes, including employment purposes, and uses the internet for the purpose of preparing or furnishing the information.

60.     Defendants ClearStar, Inc. and Appriss Insights, LLC knew, or should have known, that criminal history information they collect on consumers such as Plaintiff is not complete and/or accurate at the time of reporting the information, in part because the information is missing critical information such as the description of any criminal histories on such flagged reports.

61.     Defendants ClearStar, Inc. and Appriss Insights, LLC do not maintain any procedure to amend or supplement the criminal history information they report to the user that is incomplete or inaccurate at the time of the reporting.

62.     Defendants knowingly or recklessly do not maintain strict procedures designed to ensure that the consumer information it reports is complete and accurate.

63.     Alternatively, Plaintiff alleges that Defendants' violations were negligent.

64.     Defendant ClearStar, Inc.'s and Appriss Insight LLC's knowing or reckless violation of the FCRA duty subjects it to a statutory damage between $100 and $1,000 per violation, along with punitive damages, reasonable attorney's fees, and costs under 15 U.S.C. § 1681n(a).

### THIRD CAUSE OF ACTION

### Violation of 15 USC 1681i(a)(5)

-13-

**Individual Claim Against ClearStar, Inc.**

65.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

66.     ClearStar, Inc. willfully and/or recklessly violated the above referenced section of the FCRA by failing to delete information regarding Plaintiff on the Report that could not be verified.

67.     Defendant's conduct was willful and/or reckless because it knew that its failure to verify the reported information and update the Report would result in meritorious litigation.

68.     Alternatively, Plaintiff alleges that Defendant's violations were negligent.

**FOURTH CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681b(b)(3)**

**Class Claim Against LiceDoctors, LLC**

69.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

70.     The background check report on Plaintiff that Defendant LiceDoctors, LLC procured from Defendant ClearStar, Inc. is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes.

71.     As an employer, Defendant LiceDoctors, LLC has the duty under the FCRA to provide a copy of the consumer report before making an adverse employment decision against a prospective or existing employee to provide a meaningful opportunity to discuss the information on the report under 15 U.S.C. §1681b(b)(3).

72.     Even if it did, Defendant LiceDoctors, LLC did not provide Plaintiff with a

-14-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

meaningful opportunity to discuss the report, because Defendant LiceDoctors, LLC fired Plaintiff at the same time that it provided a copy of the report to her.

73. The consumer report obtained by ClearStar, Inc. did not contain sufficient information for Plaintiff to determine any meaningful course of action for the purpose of saving her employment

74. The duty to provide a pre-adverse action notice is not only one of the most important duties imposed on employers under the FCRA but has been clarified numerous times by both agency opinions and case law. Defendant LiceDoctors, LLC knew, or should have known, that it has the duty to provide a pre-adverse action notice.

75. Defendant LiceDoctors, LLC's failure to provide a pre-adverse action notice is a knowing or reckless violation of the FCRA duty and subjects Defendant LiceDoctors, LLCs to a statutory damage between $100 and $1,000 per violation, along with punitive damages, reasonable attorney's fees, and costs under 15 U.S.C. § 1681n(a).

## FOURTH CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681e(b)
### Individual Claim Against ClearStar, Inc.

53. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information regarding Plaintiff's SSN Trace was accurate. Specifically, Defendant failed to accurately disclose the issue date of Plaintiff's Social Security Number.

54. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate information in accordance with public records is insufficient to ensure maximum possible accuracy of the information reported.

55. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

-15-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

56.     Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of a putative Class prays for judgment against Defendants, and each of them, as follows:

1.  For a declaration that Defendants' practices violate FCRA;

2.  For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

3.  For certification of this case as a Class Action pursuant to Federal Rule of Civil Procedure 23;

4.  For interest upon such damages as permitted by law;

5.  For an award of reasonable attorneys' fees provided by law under all applicable statutes;

6.  For the costs of the lawsuit;

7.  For injunctive relief as applicable; and

8.  For such other orders of the Court and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.


DATED: July 3, 2024

*/s/ Martin P. Skolnick*
Martin P. Skolnick, Esq.
**SKOLNICK LEGAL GROUP, P.C.**
103 Eisenhower Parkway, Suite 305
Roseland, NJ 07068
Ph: 973-403-0100
martin@skolnicklegalgroup.com

-16-

FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

/s/ *Devin H. Fok*

Devin H. Fok, Esq.
**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: 888-651-6411
devin@devinfoklaw.com
*Admitted Pro Hac Vice*

Attorneys for Plaintiff

-17-