**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| Carolyn Kay Runyon, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-01519 |
| ClearStar, Inc., *et al.*, | |
| Defendants. | |

**CLEARSTAR'S ANSWER TO AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND JURY DEMAND**

ClearStar, Inc., in response to Plaintiff's Amended Complaint, pleads as follows:

**NATURE OF THE ACTION**

1.      This putative class action is brought pursuant to 15 U.S.C. § 1681 *et seq.*, more commonly known as the Fair Credit Reporting Act ("FCRA"), against background check software screening companies ClearStar and Appriss. ClearStar and Appriss routinely violate the FCRA's basic protections by, inter alia, failing to use reasonable procedures to ensure the maximum possible accuracy of the information reported when providing tenant screening reports which includes but not limited to an applicant's credit, criminal and civil record searches, sex offender registry, motor vehicle record, and credit history searches, employment verification and education verification background checks to prospective consumers as required by § 1681(e)(b) of the FCRA. Defendant LiceDoctors violates the FCRA pursuant to 15 U.S.C. § 1681 *et seq.*, specifically § 1681b(b)(3) by failing to provide pre-adverse action notices to potential employees who are subject to adverse action as a result of information stated on background check reports.

**CLEARSTAR'S RESPONSE:**    ClearStar denies the allegations directed against it and lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against LiceDoctors and Appriss.

2.    The Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 was enacted to ensure that background screening companies or "consumer reporting agencies" exercise their "grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.* § 1681(a)(4).

**CLEARSTAR'S RESPONSE:**    ClearStar admits only that Plaintiff has paraphrased and quoted a portion of the FCRA, which speaks for itself and is the best source of its terms.  ClearStar denies the allegations in Paragraph 2 to the extent that they conflict with or are inconsistent with the FCRA's plain text or with its judicial interpretation.

3.    ClearStar and Appriss are each a "Consumer Reporting Agency" as defined under 15 U.S.C. §1681a(f), because they collect and furnish consumer information, including public record information about a consumer's criminal history, to a paying customer for enumerated purposes.

**CLEARSTAR'S RESPONSE:**    ClearStar admits only that some of its services cause it to fall within the FCRA's definition of the term "consumer reporting agency" as to those services.  ClearStar denies that its April 16, 2022 report about Plaintiff to LiceDoctors was a "consumer report" and denies that it collected or furnished any "public record information about [Plaintiff's] criminal history" to LiceDoctors.  ClearStar

lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

4.      Defendant LiceDoctors, LLC is a professional and mobile head lice treatment and nit removal company that serves over 100 cities across the United States.

**CLEARSTAR'S RESPONSE:**      Admitted.

5.      Defendant Appriss Insights, LLC is company that specializes in providing data analytics and information that can be used for consumer reporting purposes under the FCRA (Fair Credit Reporting Act). Their services often include background checks, criminal record searches, and other types of consumer information reports that are to be used by employers, landlords, and other entities used to evaluate individuals.

**CLEARSTAR'S RESPONSE:**      ClearStar lacks knowledge or information sufficient to form a belief about the truth of these allegations.

6.      In connection with Plaintiff's employment application, LiceDoctors, LLC offered conditional employment to Plaintiff as a Head Lice Removal Technician on the basis that Plaintiff pass a background check.

**CLEARSTAR'S RESPONSE:**      ClearStar lacks knowledge or information sufficient to form a belief about the truth of these allegations.

7.      On or about April 15, 2022, Defendant Clearstar Inc., provided a consumer report to Plaintiff's prospective employer, LiceDoctors, LLC.

**CLEARSTAR'S RESPONSE:**    Denied.  LiceDoctors ordered a report on April 15, 2022, and ClearStar completed it and provided it to LiceDoctors on April 16, 2022.  *See* ECF 1, page 18 (Plaintiff's own Exhibit 1).  The report was not a "consumer report" as the FCRA defines that term.  *See id.*

8.    Clearstar, Inc. obtained the information contained in the background check report from Appriss Insights, LLC, a private third party vendor.

**CLEARSTAR'S RESPONSE:**    Denied as stated.  ClearStar admits only that it obtained the information in the "SSN Validation and Death Master Index Search Check" section of the report from Appriss.  ClearStar denies that it obtained other information in the report from Appriss.

9.    The Report disclosed that Plaintiff has a criminal record or sex offender under its National Criminal Database without disclosing the actual content of the record. Specifically, Defendant failed to disclose any information related to the alleged existence of a criminal record such as the case number(s), the date the charges were filed, the name of the charges, the severity of the offense (*e.g.*, misdemeanor, felony, etc.), the disposition, or the disposition date.

**CLEARSTAR'S RESPONSE:**    Denied. Page 1 of ClearStar's report "disclosed" that ClearStar's "National Criminal Database Check-AN (All Names) - Includes Sex Offender Registry and SSN Trace" had identified an issue.  ECF 1 at page 18.  Page 2 of ClearStar's report identified that the issue as:  "The provided SSN is reported as having been issued prior to the applicant's year of birth."  ECF 1 at page 19.  ClearStar's report did not state that "Plaintiff has a criminal record or sex offender [record]."  *Id.* at 20-27.

10.    The report disclosed only a red flag associated with the following search: "National Criminal Database Check– AN (All Names) - Includes Sex Offender Registry and SSN Trace."  A true and correct copy of the redacted report is attached hereto as Exhibit 1.

**CLEARSTAR'S RESPONSE:**    ClearStar admits the allegation in the first sentence of Paragraph 10 but denies the allegation in the second sentence.  By way of further response, Plaintiff attached "a true and correct copy of the redacted report" as Exhibit 1 to her initial Complaint.  ECF 1 at 18-35.  Plaintiff did not attach anything to her Amended Complaint.  *See* ECF 27.

11.    Since no other criminal history information is disclosed, it is unclear whether Defendant found a criminal record or sex offender record. Both would be detrimental but the implication that Plaintiff somehow has a sex offender record would be more so.

**CLEARSTAR'S RESPONSE:**    Denied.  The report indicates that ClearStar found neither a criminal record nor a sex offender record, but rather that "The provided SSN is reported as having been issued prior to the applicant's year of birth."  ECF 1 at 19.

12.    Additionally, Defendant's report stated Plaintiff's Social Security Number was issued prior to her date of birth.

**CLEARSTAR'S RESPONSE:**    Denied.  ClearStar's report did not state that "Plaintiff's Social Security Number *was issued* prior to her date of birth."  ClearStar's report stated that "The provided SSN *is reported as having been issued* prior to the applicant's year of birth."  *Id*.  The report did not make that statement "additionally" (*i.e.*,

in addition to nonexistent statements about Plaintiff's criminal history).   The only statements that ClearStar's report about Plaintiff made were statements about her social security number. *Id*.

13.   The Report disclosed stated that her Social Security Number was issued in the year 1973.

**CLEARSTAR'S RESPONSE:**   ClearStar's report speaks for itself and is the best source of its terms, and ClearStar denies this allegation to the extent that it is contrary to or inconsistent with the report's plain text.   By way of further response, ClearStar's report stated in relevant part that "The provided SSN is reported as having been issued prior to the applicant's date of birth" and "Issued:  IN THE YEAR 1973."  ECF 1 at 19.

14.   The date Plaintiff's Social Security Number was issued was June 1, 1977. Plaintiff's date of birth is March 15, 1977.

**CLEARSTAR'S RESPONSE:**   ClearStar lacks knowledge or information sufficient to form a belief about the truth of these allegations.

15.   Upon notice of the error, Plaintiff reached out to Defendant ClearStar, Inc. to dispute the matters and requesting to provide additional information if necessary.

**CLEARSTAR'S RESPONSE:**   Admitted.   A true and correct copy of ClearStar's business records regarding Plaintiff's dispute are attached as Exhibit 1.

16.   Defendant ClearStar, Inc. responded to the matter that they are unable to correct the year of her social security number due to the information being provided by the Social Security Administration ("SSA").

**CLEARSTAR'S RESPONSE:**   Admitted.  *See* Exhibit 1.

17.     Upon Plaintiff contacting the SSA, she was relayed that the SSA indeed had her correct information regarding her date of birth in connection with her Social Security number.

**CLEARSTAR'S RESPONSE:**     Denied.  *See* Exhibit 1.

18.     Despite the SSA having the correct date of issuance for her Social Security Number, Defendant ClearStar, Inc. failed to amend the erroneous information on the Report or delete information that cannot be verified within 30 days.

**CLEARSTAR'S RESPONSE:**     Denied.  *See* Exhibit 1.

19.     To date ClearStar has never updated the Report.

**CLEARSTAR'S RESPONSE:**     Admitted.

20.     Under the FRCA, specifically 15 USC § 1681e(b), ClearStar and Appriss were required to use reasonable procedures to ensure the maximum possible accuracy of the information reported about Plaintiff to Defendant LiceDoctors, LLC. Failing to ensure accurate information regarding Plaintiff's Social Security Number is an exact violation of this statute.

**CLEARSTAR'S RESPONSE:**     ClearStar admits only that 15 U.S.C. § 1681e(b) requires it to "follow reasonable procedures to assure maximum possible accuracy of the information" in its "consumer reports."  ClearStar denies that its April 16, 2022 report about Plaintiff was a consumer report and denies that the report contained inaccurate information about Plaintiff or about Plaintiff's Social Security Number.  By way of further response, and in the alternative, ClearStar states that its decision to report information about Plaintiff's Social Security Number, which had been obtained from Appriss Insights,

LLC, was a reasonable procedure to assure maximum possible accuracy of the information in its report about Plaintiff.

21.    Defendant ClearStar, Inc. did not have defined processes to verify the accuracy of the public records information provided by Appriss.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that its report about Plaintiff (ECF 1 at 18-35) "provided" any "public records information."   By way of further response, ClearStar states that, as a matter of law, information about a consumer's Social Security Number is not a "public record."   ClearStar denies any remaining allegations.

22.    As a direct result of Defendant's failure to verify public records and provide complete information regarding criminal history flagged, Plaintiff was denied employment with LiceDoctors, LLC.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that it "fail[ed] to verify public records and provide complete information regarding criminal history flagged." ClearStar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

23.    Defendant, LiceDoctors, LLC notified Plaintiff via email that due to the results of the background check report, they cannot offer her the role of a Technician with their company anymore.

**CLEARSTAR'S RESPONSE:**    ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

24.    Defendant LiceDoctors, LLC failed to provide a pre-adverse action notice to Plaintiff before taking adverse action on her employment.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

25.     LiceDoctors, LLC also failed to state the exact reasoning behind denying her employment, only vaguely mentioning criminal activity or information.

**CLEARSTAR'S RESPONSE:** ClearStar states that Plaintiff filed what appears to be the document at issue in Paragraph 25 at ECF 23 at 24.  That document speaks for itself and is the best source of its terms.  ClearStar denies the allegations in Paragraph 25 to the extent that they conflict with or are inconsistent with ECF 23 at 24 or any other document referenced in Paragraph 25.

26.     Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denial of employment.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

27.     Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

**CLEARSTAR'S RESPONSE:** ClearStar denies that it is liable to Plaintiff for any damages.  ClearStar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**THE PARTIES**

28.     Plaintiff is an individual and resident of Raymond, Ohio.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

29. Defendant Clearstar, Inc., and Appriss Insights, LLC are consumer reporting agencies within the meaning of the FCRA, specifically 15 USC § 1681a(f).

**CLEARSTAR'S RESPONSE:** ClearStar admits only that some of its services cause it to fall within the FCRA's definition of the term "consumer reporting agency" as to those services. ClearStar denies that it acted as a "consumer reporting agency" when it provided information about Plaintiff to LiceDoctors on April 16, 2022. ClearStar lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss Insights, LLC.

30. Defendant Clearstar Inc. is an employment background screening agency headquartered at 6250 Shiloh Rd STE 300, Alpharetta, GA 30005.

**CLEARSTAR'S RESPONSE:** Admitted.

31. Defendant Appriss Insights, LLC is a company that provides information for use under the FCRA, which includes background checks and criminal record searches. They are headquartered at 9901 Linn Station Road, Suite 500, Louisville, Kentucky, 40223.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of these allegations.

32. Appriss Insights, LLC's parent organization is Equifax, which acquired Appriss in 2021. They are a division of Appriss, Inc.

**CLEARSTAR'S RESPONSE:** ClearStar admits, on information and belief, that Equifax acquired Appriss. ClearStar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

33. Defendant LiceDoctors, LLC is headquartered at 21 Pine Drive South, Roslyn, New York, 11576.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

34. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

35. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

36. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## JURISDICTION AND VENUE

32A.[1] The Court has jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355 and 15 U.S.C. §1681p.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

33A. The venue is proper pursuant to 28 U.S.C. §1391(b)(c). Defendant LiceDoctors, LLC's principal place of business is in Roslyn, New York. Additionally, Defendant ClearStar, LLC regularly sells consumer reports to individuals within this District, as well as individuals all across the United States, such as for the report procured for Plaintiff, who resides in Raymond, Ohio.

**CLEARSTAR'S RESPONSE:** ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## CLASS ACTION ALLEGATIONS

34A. Accuracy of Background checks within the U.S. labor market is crucial. According to a 2018 survey, 95% of employers conduct one or more types of background screening; and 94% of those include some form of criminal history check. Consumer Financial Protection Bureau, Market Snapshot: Background Screening Reports. Criminal

---

[1] Plaintiff's Amended Complaint proceeds from Paragraph 36 to Paragraph 32 and then continues sequentially from there, such that there are two Paragraphs 32, 33, 35, and 36. For clarity, this Answer will identify the second such Paragraph as 32A, 33A, 34A, 35A, and 36A, and it will then continue from Paragraph 37 as the Amended Complaint itself does.

Background Checks in Employment 4 (October 2019).   [FN1:   1 Available at https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot-background-screening_report.pdf.]  An inaccurate or misleading criminal history report can derail job offers, leaving job-seekers unemployed for significant periods of time. See *Williams v. First Advantage LNS Screening Solutions, Inc.*, 238 F. Supp. 3d 1333, 1341–42 (N.D. Fla. 2017), *aff'd in part,* 947 F.3d 735. The inaccurate background check generated by ClearStar, LLC resulted in Plaintiff losing her job offer.

**CLEARSTAR'S RESPONSE:**   ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

35A.   Recognizing that the accuracy of background-check reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA, 15 U.S.C. §§ 1681a, *et seq*. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

**CLEARSTAR'S RESPONSE:**   ClearStar admits only that:  i) Congress has chosen to regulate "consumer reports" as the FCRA defines that term; and ii) Plaintiff has quoted a portion of a judicial opinion.   ClearStar lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.

36A.   A "consumer" is defined in FCRA as "an individual." 15 U.S.C. §1681a(c). A "consumer report" is "any written, oral, or other communication of any information

by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for ... employment." 15 U.S.C. § 1681a(d)

**CLEARSTAR'S RESPONSE:**    Admitted.

37.    ClearStar, Inc. prepares background check reports by assembling and evaluating information including but not limited to individuals' criminal histories, social security traces, and sex offender registry searches. Defendant sells these reports to, among others, prospective employers. ClearStar, Inc uses means and facilities of interstate commerce to prepare and furnish these reports, including but not limited to the internet, interstate telephone services, and interstate mail delivery services. ClearStar, Inc's reports are therefore governed by FCRA.

**CLEARSTAR'S RESPONSE:**    ClearStar admits only that some of its services cause it to fall within the FCRA's definition of the term "consumer reporting agency" as to those services.  ClearStar denies that it acted as a "consumer reporting agency" when it provided a report about to LiceDoctors on April 16, 2022.

38.    Under the FRCA, specifically 15 USC § 1681e(b), Defendant ClearStar, Inc. was required to use reasonable procedures to ensure the maximum possible accuracy of the information it reports to employers who procure background checks from them.

**CLEARSTAR'S RESPONSE:**    Denied as stated.   The text of 15 U.S.C. § 1681e(b) states that consumer reporting agencies must "follow [not "use"] reasonable

procedures to assure [not "ensure the"] maximum possible accuracy of the information" in their "consumer reports."  ClearStar admits that it must comply with the FCRA when it prepares "consumer reports," but ClearStar denies that its report about Plaintiff to LiceDoctors on April 16, 2022 was a "consumer report."

39.     Defendant ClearStar, Inc.'s practice and procedure affected and continue to affect Plaintiff and other consumers on whom Defendant ClearStar, Inc. prepares background check reports and furnishes to third parties.

**CLEARSTAR'S RESPONSE:**     ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

40.     An employer is prohibited from taking any adverse action against the job applicant based on information on a consumer report, unless the employer first provides a meaningful opportunity for the applicant to dispute the information with the consumer reporting agency. Specifically, the employer has the duty to provide a copy of the consumer report and a written description of the consumer's rights under the FCRA "before taking any adverse action based in whole or in part on the report" on the person "intending to take such adverse action." 15 U.S.C. § 1681b(b)(3). This duty is generally referred to as the duty to provide "a pre-adverse action notice".

**CLEARSTAR'S RESPONSE:**     ClearStar admits only that Plaintiff has paraphrased the FCRA, which speaks for itself and is the best source of its terms. ClearStar denies the allegations in Paragraph 40A to the extent that they conflict with or are inconsistent with the FCRA's plain text or with its judicial interpretation.

41.    The statutory intent of these provisions is clear. At each stage of the hiring process, an employer must provide the job applicant sufficient access to what private information about her is being reported that may ultimately be used against her.

**CLEARSTAR'S RESPONSE:**    ClearStar denies the allegations in Paragraph 41 to the extent that they conflict with or are inconsistent with the FCRA's plain text or with its judicial interpretation.

42.    Defendant LiceDoctors, LLC's practice and procedure affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of background check reports obtained on them.

**CLEARSTAR'S RESPONSE:**    ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

43.    Plaintiff Carolyn Kay Runyon's claims are typical of the claims of each Class member she seeks to represent because these claims all arise from the same operative facts and are based on the same legal theories.

a.    LiceDoctors, LLC typically uses consumer reports to conduct background checks on prospective employees. LiceDoctors, LLC routinely takes an adverse action based in whole or in part on information in consumer reports. Finally, LiceDoctors, LLC typically does not provide a pre-adverse action notice to the affected consumers prior to the taking of an adverse action. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and LiceDoctors, LLC treated Plaintiff consistently with other putative class members in accordance with its standard policies and procedures.

b.     ClearStar, Inc. regularly collects, assembles, evaluates, and/or compiles information concerning consumers that it knows is not complete and/or maximally accurate at the time of reporting the information. Violations of the FCRA suffered by Plaintiff are typical of those suffered by other class members, and ClearStar, Inc. treated Plaintiff's consumer information consistently with other putative class member in accordance with its standard policies and procedures.

**CLEARSTAR'S RESPONSE:**     ClearStar denies that its reports contain "information concerning consumers that it knows is not complete and/or maximally accurate at the time of reporting the information."   ClearStar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  By way of further response, ClearStar denies that Plaintiff can or does represent a Class.

44.     Plaintiff will fairly and adequately protect the Class's interests. Plaintiff is committed to vigorously litigating this matter, and her interests are aligned with those of the Class. Plaintiff has retained counsel experienced in handling FCRA and consumer class actions.

**CLEARSTAR'S RESPONSE:**     ClearStar denies that Plaintiff can or does represent a Class.  ClearStar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

45.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Notice and Report Class Members in individually controlling the prosecution of separate claims against Defendants is small, as the maximum statutory damages recoverable by any one Notice or Report Class Member is

limited to $1,000 under the FCRA. Management of the Notice and Report Class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

**CLEARSTAR'S RESPONSE:** Denied.

46. Plaintiff asserts this action on behalf of her and the putative class pursuant to Federal Rule of Civil Procedure 23(b)(3) for the following class:

Subclass 1 (Report Class)
All natural persons in the United States who were the subject of a background check report that was furnished by ClearStar, Inc. for employment purposes that preceded the filing of the complaint by two years to present and included any flags associated with criminal and/or sex offender searches that failed to include the following items of information: the case number(s), the date the charge(s) were filed, the name of the charge(s), the severity of the offense(s) (e.g., misdemeanor, felony, etc.), the disposition(s) of the charges, or the disposition date(s) of the charge(s).

Subclass 2 (Pre-Adverse Action Notice Class)
All natural persons in the United States who were subject to adverse action from LiceDoctors, LLC as a result of findings on employment background check reports from within the two years prior the filing of this Complaint to the final resolution of this action and who did not receive a pre-adverse action notice required pursuant to 15 USC §1681b(b)(3)(A). Excluded from the Class are any employees, officers, or directors ClearStar, Inc. or LiceDoctors, LLC, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

Subclass 3 (Post-Adverse Action Notice Class)
All natural persons in the United States who were subject to adverse action from LiceDoctors, LLC as a result of findings on employment background check reports from within the two years prior the filing of this Complaint to the final resolution of this action and who did not receive a post-adverse action notice required pursuant to 15 USC §1681b(b)(3)(B). Excluded from the Class are any employees, officers, or directors ClearStar, Inc. or LiceDoctors, LLC, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that Plaintiff can or does represent a Class and denies that Plaintiff's proposed subclasses are appropriate under the Federal Rules of Civil Procedure and applicable case law.

47.    The classes are so numerous that joinder of all members is impracticable. Although the precise number of Report Class Members is known only to ClearStar, Inc., Plaintiff is informed and believes, and on that basis alleges, that the Report Class for ClearStar, Inc. is comprised of thousands of consumers because, in part, ClearStar, Inc. has operated as a consumer reporting agency for 25 years providing screenings to nine different industries in over 30 countries who request background check reports from ClearStar, Inc.  *See* ClearStar Partners, located at https://www.clearstar.net/partners/.

**CLEARSTAR'S RESPONSE:**    ClearStar admits the allegations about its business but denies that is April 16, 2022 report about Plaintiff to LiceDoctors was a "consumer report" and denies that Plaintiff can or does represent a Class.

48.    The precise number of Pre Adverse and Post Adverse Class Members (collectively the "Notice Class") is only known to LiceDoctors, LLC.  Plaintiff is informed and believes, and on that basis alleges, that the Report Class is comprised of hundreds of employees and prospective employees because, in part, LiceDoctors, LLC provides services in 42 different states. *See* LiceDoctors locations by state, located at https://www.licedoctors.com/locations.  LiceDoctors, LLC regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. LiceDoctors, LLC frequently relies on such information, in whole or in part, as a basis for making an adverse employment decision.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that Plaintiff can or does represent a Class and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

49.    The Notice Class (Subclass 2 and 3) is so numerous that joinder of all members is impracticable. Although the precise number of Notice Class Members is known only to LiceDoctors, LLC and ClearStar, Inc., Plaintiff is informed and believes, and on that basis aforementioned, that the Notice Class is comprised of hundreds of employees for LiceDoctors, and thousands of consumers for ClearStar, Inc.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that Plaintiff can or does represent a Class and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

50.    The identities of the individual Report Class Members should be readily ascertainable from ClearStar, Inc.'s records. Notice may be mailed to Report Class Members using the public record information in ClearStar, Inc.'s files, as updated through the National Change of Address Registry

**CLEARSTAR'S RESPONSE:**    ClearStar denies that Plaintiff can or does represent a Class and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

51.    Additionally, the identities of the individual Notice Class Members should be readily ascertainable from LiceDoctors, LLC's records. Notice may be mailed to Notice Class Members using the public record information in LiceDoctors, LLC's files, as updated through the National Change of Address Registry.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that Plaintiff can or does represent a Class and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

52.    There is a significant community of interest among the Report Class Members, as there are questions of law and fact common to the Report Class that predominate over any questions affecting only individual Report Class Members. Those questions include:

a.    Whether ClearStar, Inc. is a "consumer reporting agency" as defined under 15 U.S.C. §1681a(f);

.    b.    Whether the background check report that ClearStar, Inc. furnished to LiceDoctor, LLC is a "consumer report" as defined under 15 U.S.C. §1681a(d);

c.    Whether ClearStar, Inc. violated the duty to maintain strict procedures designed to ensure that adverse public record information it reports on a consumer for employment purposes is complete and accurate as required under 15 U.S.C. §1681k(a);

d.    Whether ClearStar, Inc.'s violations of the duty to maintain strict procedures designed to insure adverse public record information it reports on a consumer is complete and up to date are "willful" as defined under 15 U.S.C. § 1681n;

e.    Whether ClearStar, Inc. and LiceDoctors, LLC's failure to comply with the FCRA was willful;

f.    Whether Plaintiff and the Class members are entitled to statutory damages and/or punitive damages.

**CLEARSTAR'S RESPONSE:** ClearStar denies that Plaintiff can or does represent a Class. ClearStar denies that it acted as a "consumer reporting agency" in preparing "the background check report that ClearStar, Inc. furnished to LiceDoctor, LLC" about Plaintiff and denies that that report is a "consumer report" or contained "adverse public record information." ClearStar denies that it violated the FCRA in any respect and denies that it is liable to Plaintiff or anyone else.

**FIRST CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681e(b)**

**Class Claim Against ClearStar, Inc.**

53. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information regarding Plaintiff's Criminal History was accurate.

**CLEARSTAR'S RESPONSE:** Denied.

54. Specifically, Defendants to fail to include [sic] any relevant information related to the alleged existence of Plaintiff's criminal history.

**CLEARSTAR'S RESPONSE:** Denied. By way of further response, ClearStar's report did not allege that Plaintiff had a criminal history.

55. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate information in accordance with public records is insufficient to ensure maximum possible accuracy of the information reported.

**CLEARSTAR'S RESPONSE:** Denied.

56.    Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

**CLEARSTAR'S RESPONSE:**    Denied.

57.    Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

**CLEARSTAR'S RESPONSE:**    Denied.

## SECOND CAUSE OF ACTION

### Violation of 15 U.S.C. § 1681k

**Class Claim Against ClearStar, Inc. and Individual Claims Against ClearStar, Inc. and Appriss Insights, LLC**

57A.[2] Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a).

**CLEARSTAR'S RESPONSE:**    Denied.

---

[2]    Plaintiff's Amended Complaint contains two Paragraph 57s.  For clarity, ClearStar will number the second Paragraph 57 in Plaintiff's Amended Complaint as Paragraph 57A.

58.     The background check report on Plaintiff that Defendant ClearStar, Inc. provided to Defendant LiceDoctors, LLC is a "consumer report" as defined under 15 U.S.C. §1681a(d), because it discloses information "bearing on a consumer's ... character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes, including employment purposes.

**CLEARSTAR'S RESPONSE:**     Denied.

59.     Defendants ClearStar, Inc. and Appriss Insights, LLC are "consumer reporting agencies" as defined under 15 U.S.C. §1681a(f), because they collect and furnish consumer information, including public record information about a consumer's criminal history, to a paying customer for enumerated purposes, including employment purposes, and uses the internet for the purpose of preparing or furnishing the information.

**CLEARSTAR'S RESPONSE:**     ClearStar admits only that some of its services cause it to fall within the FCRA's definition of the term "consumer reporting agency" as to those services.  ClearStar denies that acted as a "consumer reporting agency" when it provided its report about Plaintiff to LiceDoctors, because that report was not a "consumer report."  ClearStar denies that it collected or furnished any "public record information about [Plaintiff's] criminal history" to LiceDoctors.  ClearStar lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

60.     Defendants ClearStar, Inc. and Appriss Insights, LLC knew, or should have known, that criminal history information they collect on consumers such as Plaintiff is not complete and/or accurate at the time of reporting the information, in part because the information is missing critical information such as the description of any criminal histories on such flagged reports.

**CLEARSTAR'S RESPONSE:**     ClearStar denies the allegations against it and lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

61.     Defendants ClearStar, Inc. and Appriss Insights, LLC do not maintain any procedure to amend or supplement the criminal history information they report to the user that is incomplete or inaccurate at the time of the reporting.

**CLEARSTAR'S RESPONSE:**     ClearStar denies the allegations against it and lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

62.     Defendants knowingly or recklessly does not maintain strict procedures designed to ensure that the consumer information it reports is complete and accurate.

**CLEARSTAR'S RESPONSE:**     ClearStar denies the allegations against it and lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

63.     Alternatively, Plaintiff alleges that Defendants' violations were negligent.

**CLEARSTAR'S RESPONSE:**    ClearStar denies the allegations against it and lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

64.    Defendant ClearStar, Inc.'s and Appriss Insight LLC's knowing or reckless violation of the FCRA duty subjects it to a statutory damage between $100 and $1,000 per violation, along with punitive damages, reasonable attorney's fees, and costs under 15 U.S.C. § 1681n(a).

**CLEARSTAR'S RESPONSE:**    ClearStar denies the allegations against it and lacks knowledge or information sufficient to form a belief about the truth of the allegations directed against Appriss.

### THIRD CAUSE OF ACTION

### Violation of 15 USC § 1681i(a)(5)

### Individual Claim Against ClearStar, Inc.

65.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

**CLEARSTAR'S RESPONSE:**    ClearStar incorporates by reference its responses to each and every allegation above.

66.    ClearStar, Inc. willfully and/or recklessly violated the above referenced section of the FCRA by failing to delete information regarding Plaintiff on the Report that could not be verified.

**CLEARSTAR'S RESPONSE:**    Denied.

67.     Defendant's conduct was willful and/or reckless because it knew that its failure to verify the reported information and update the Report would result in meritorious litigation.

**CLEARSTAR'S RESPONSE:**     Denied.

68.     Alternatively, Plaintiff alleges that Defendant's violations were negligent.

**CLEARSTAR'S RESPONSE:**     Denied.

## FOURTH CAUSE OF ACTION

### Violation of 15 U.S.C. § 1681b(b)(3)

### Class Claim Against LiceDoctors, LLC

69.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

**CLEARSTAR'S RESPONSE:**     ClearStar incorporates by references its responses to each and every allegation above.

70.     The background check report on Plaintiff that Defendant LiceDoctors, LLC procured from Defendant ClearStar, Inc. is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's ... character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for enumerated purposes.

**CLEARSTAR'S RESPONSE:**     Denied.

71.     As an employer, Defendant LiceDoctors, LLC has the duty under the FCRA to provide a copy of the consumer report before making an adverse employment decision

against a prospective or existing employee to provide a meaningful opportunity to discuss the information on the report under 15 U.S.C. §1681b(b)(3).

**CLEARSTAR'S RESPONSE:**    ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

72.    Even if it did, Defendant LiceDoctors, LLC did not provide Plaintiff with a meaningful opportunity to discuss the report, because Defendant LiceDoctors, LLC fired Plaintiff at the same time that it provided a copy of the report to her.

**CLEARSTAR'S RESPONSE:**    ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

73.    The consumer report obtained by ClearStar, Inc. did not contain sufficient information for Plaintiff to determine any meaningful course of action for the purpose of saving her employment.

**CLEARSTAR'S RESPONSE:**    ClearStar denies that its report about Plaintiff to LiceDoctors was a "consumer report" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

74.    The duty to provide a pre-adverse action notice is not only one of the most important duties imposed on employers under the FCRA but has been clarified numerous times by both agency opinions and case law. Defendant LiceDoctors, LLC knew, or should have known, that it has the duty to provide a pre-adverse action notice.

**CLEARSTAR'S RESPONSE:**    ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

75.     Defendant LiceDoctors, LLC's failure to provide a pre-adverse action notice is a knowing or reckless violation of the FCRA duty and subjects Defendant LiceDoctors, LLCs to a statutory damage between $100 and $1,000 per violation, along with punitive damages, reasonable attorney's fees, and costs under 15 U.S.C. § 1681n(a).

**CLEARSTAR'S RESPONSE:**     ClearStar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## FIFTH CAUSE OF ACTION

## Violation of 15 U.S.C. § 1681e(b)

## Individual Claim Against ClearStar, Inc.

[76].[3] Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information regarding Plaintiff's SSN Trace was accurate. Specifically, Defendant failed to accurately disclose the issue date of Plaintiff's Social Security Number.

**CLEARSTAR'S RESPONSE:**     Denied.

[77].   Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate information in accordance with public records is insufficient to ensure maximum possible accuracy of the information reported.

**CLEARSTAR'S RESPONSE:**     Denied.

---

[3]     Plaintiff's Complaint proceeds from allegations at Paragraphs 1—75 to allegations which are numbered, presumably in error, as Paragraphs 53-56. The bracketed numbers at Paragraphs 76-79 correct the error.

[78].   Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

**CLEARSTAR'S RESPONSE:**     Denied.

[79].   Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

**CLEARSTAR'S RESPONSE:**     Denied.

## DEMAND FOR A TRIAL BY JURY

ClearStar demands a jury trial on all issues that are eligible for a jury trial.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, ClearStar asserts the following additional or affirmative defenses.

I.      Plaintiff's alleged damages were caused or contributed to by Plaintiff's own actions and/or the actions of persons or entities other than ClearStar, over whom ClearStar had no control and for whom ClearStar had no responsibility.

II.     Plaintiff has failed to mitigate the alleged damages.

III.    ClearStar complied, in good faith, with the Fair Credit Reporting Act and all other relevant law.

IV.     ClearStar reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by its ongoing discovery of the facts of this case.

V.     ClearStar reserves any and all rights that it has, under the due process clause of the United States Constitution, to challenge the quantum of and award of any punitive damages that may be sought or imposed against it.

## PRAYER

WHEREFORE, ClearStar prays this Honorable Court to dismiss Plaintiff's claims against it with prejudice and to provide ClearStar with such other and further relief as the Court deems right and just.

/s/ Jason A. Spak
Jason A. Spak
FisherBroyles, LLP
6360 Broad Street #5262
Pittsburgh, PA 15206
T:  (412) 412-2000
jason.spak@fisherbroyles.com
*Counsel for Defendant ClearStar, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, I filed the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND with the Court's Electronic Case Filing system, which will send a Notice of Electronic Filing to, and thereby serve process upon, all parties through their counsel of record.

/s/ Jason A. Spak
Jason A. Spak
FisherBroyles, LLP