UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAROLYN KAY RUNYON,

                            Plaintiff,

           -against-

CLEARSTAR, INC., APPRISS INSIGHTS,
LLC, DOES 1-10,

                          Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-01519 (OEM) (LGD)

ORELIA E. MERCHANT, United States District Judge:

Plaintiff Carolyn Kay Runyon ("Plaintiff") brings this putative class action against Defendants ClearStar, Inc. ("ClearStar"), Appriss Insights, LLC ("Appriss"), and Does 1-10 alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Before the Court is Defendant ClearStar's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ClearStar's Notice of Motion, ECF 51.

For the following reasons, ClearStar's motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff is a natural person and resident of Raymond, Ohio. Amended Complaint ("Am. Compl."), ECF 27, ¶ 28. ClearStar is an employment background screening agency which prepares background check reports by assembling and evaluating information for, among other entities, prospective employers. *Id.* ¶¶ 30, 37. Appriss is a company that provides information for use under the FCRA including background check and criminal record search results. *Id.* ¶ 32.

---

[1] For the purposes of Defendant ClearStar's motion for judgment on the pleadings, all allegations set forth in the complaint are accepted as true.

On or about April 15, 2022, ClearStar provided a consumer report (the "Report") consisting of background check results regarding Plaintiff to her prospective employer, LiceDoctors LLC ("LiceDoctors"). *Id.* ¶ 7. In preparing the Report, ClearStar obtained information from Appriss, a private third-party vendor. *Id.* ¶ 8.

The Report indicated that Plaintiff had a criminal or sex offender record. *Id.* ¶ 9. However, the Report did not disclose its source or any details regarding the content of those records on Plaintiff—specifically, it did not state any case number, date of charges filed, name of the charges, severity of the offense, disposition, or date of disposition. *Id.* The Report merely showed a "red flag" associated with the following search: "National Criminal Database Check – AN (All Names) – Includes Sex Offender Registry and SSN Trace." *Id.* ¶ 10. Plaintiff alleges that it is unclear whether Appriss or ClearStar found a criminal record, sex offender record, or both, and the implication of either "would be detrimental" to Plaintiff. *Id.* ¶ 11.

Additionally, the Report stated that Plaintiff's Social Security Number ("SSN") was issued prior to her date of birth: Plaintiff was born in 1977 and her SSN was issued in that year, but the Report stated that her SSN was issued in 1973. *Id.* ¶¶ 12-14.

Plaintiff reached out to ClearStar to dispute the social security issue and offered to provide additional information if necessary. *Id.* ¶ 15. ClearStar responded stating it was unable to correct the year associated with her SSN because that information was provided by the Social Security Administration ("SSA"). *Id.* ¶ 16. Plaintiff contacted the SSA, which informed her that Plaintiff's correct birth date was associated with her SSN. *Id.* ¶ 17. Despite this information, Plaintiff alleges that ClearStar failed to amend the errors on the Report or delete the information that could not be verified within 30 days. *Id.* ¶ 18. As of the date of the Amended Complaint, ClearStar never updated the Report. *Id.* ¶ 19.

Plaintiff alleges that ClearStar "did not have defined processes to verify the accuracy of the public records information provided by Appriss" and, as a result of this failure, Plaintiff was denied employment. *Id.* ¶¶ 21-23. Plaintiff seeks recovery for actual damages, including loss of earnings, emotional distress, and reputational damages, plus statutory penalties, punitive damages, and attorney's fees and costs. *Id.* ¶¶ 26-27. Plaintiff alleges ClearStar and Appriss violated 15 U.S.C. §§ 1681e(b) and 1681k(a), and that ClearStar alone violated Sections 1681b(b)(3) and 1681e(b). *Id.* ¶¶ 53-68; *id.* at 15-16.

## LEGAL STANDARD

To survive a motion for judgment on the pleadings pursuant to Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir. 2023). "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell*, 64 F.4th at 433 (quoting *Iqbal*, 556 U.S. at 678); *see Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). The assumption that allegations contained in the complaint are true is "inapplicable to legal conclusions." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted).

## DISCUSSION

### A. Consideration of Evidence Outside the Pleadings

In considering a motion for judgment on the pleadings, courts "may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." *Goldberg*, 88 F.4th at 210 (quoting *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) (emphasis in original)).

Plaintiff argues that the Court cannot properly consider the exhibit attached to ClearStar's Amended Answer because Defendant is the moving party and because the exhibits are not integral to the complaint. Plaintiff's Memorandum in Opposition ("Pl.'s Opp."), ECF 51-2, at 8-9. Since ClearStar is the moving party, the Court may not properly consider the exhibits attached to ClearStar's Amended Answer unless those materials are considered integral to or incorporated by reference in the complaint. *Lively*, 6 F.4th at 305-06 (The court "should remain within the non-movant's pleading when deciding both Rule 12(c) and 12(b)(6) motions.").

For documents "[t]o be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016) (citations omitted). "Limited quotation does not constitute incorporation by reference." *Id.* at 88-89 (quoting *Looney v. Black*, 702 F.3d 701, 716 n.2 (2d Cir. 2012)). Even where a document is not incorporated by reference, it may be considered if it is integral to the complaint. *L-7 Designs*, 647 F.3d at 422. A document is integral to the complaint where the plaintiff (1) has "actual notice" of the document and its information and (2) has "relied upon the[ ] document[ ] in framing the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147,

4

153 (2d Cir. 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991)). "However, a document is not 'integral' simply because its contents are highly relevant to a plaintiff's allegations, but only when it is clear that the plaintiff *relied* on the document in preparing his complaint." *McLennon*, 171 F. Supp. 3d at 89 (emphasis in original) (citations omitted).

Defendant asserts that Exhibit 1 to its Amended Answer, which contains 16 pages of emails between Plaintiff and ClearStar and between ClearStar and Appriss, is integral to or incorporated by reference in the Amended Complaint. Defendant's Reply Memorandum of Law ("Def.'s Reply"), ECF 51-3, at 2.

With respect to those communications between Plaintiff and ClearStar, *see* ECF 34-1, at 1-9, the Amended Complaint states that Plaintiff "reached out to Defendant ClearStar, Inc. to dispute the matters" regarding her SSN and that ClearStar responded "that they are unable to correct information regarding her date of birth in connection with her Social Security number." Am. Compl. ¶¶ 15-16. Plaintiff does not reference specific documents or communications but alleges generally that Plaintiff notified ClearStar of the dispute. Therefore, the emails are not incorporated by reference. However, in drafting the Amended Complaint, Plaintiff relied on the communication and effect thereof, *i.e.* notice of the inaccuracies in the Report and ClearStar's failure to correct them. Thus, it is clear that Plaintiff had notice of and relied on these communications when filing suit, and therefore the Court may properly consider them in resolving the instant motion. *See, e.g.*, *DiFolco v. MSNBC Cable LLC*, 622 F.3d at 104, 112 (2d Cir. 2010) (finding complaint incorporated emails by reference where plaintiff "referred in her complaint to [the] e-mails"); *ATSI Commc'ns v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (finding that

5

text messages and transcripts, although not attached to amended complaint were incorporated by reference, possessed by or known to the plaintiff and relied upon in bringing suit).

However, with respect to the remaining pages of ClearStar's Exhibit 1, ECF 31-1, at 10-16, these pages contain communications between ClearStar and Appriss which Plaintiff did not mention and did not rely upon in drafting the Amended Complaint. Accordingly, pages 10 through 16 of Exhibit 1 to ClearStar's Amended Answer are not properly before the Court for consideration at this juncture.

### B. Statutory Background: Fair Credit Reporting Act

The FCRA regulates the collection and dissemination of consumers' personal information collected by consumer reporting agencies. *See generally* 15 U.S.C. § 1681. "Typically, consumer reporting agencies sell consumer reports to lenders, credit card companies, insurers, and employers for credit, insurance, and employment decisions." *Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 101 (2d Cir. 2019). In the employment context, a reporting agency may furnish a report "to a person which it has reason to believe . . . intends to use the information for employment purposes," and prescribes certain conditions for furnishing and using such reports. 15 U.S.C. §§ 1681b(a)(3)(B), 1681b(b). If a "consumer reporting agency" fails to comply with the Act, it may be subject to civil liability to consumers—including for actual and punitive damages. 15 U.S.C. §§ 1681n, 1681o.

### C. Consumer Report

Plaintiff alleges that the Report is a "consumer report" as defined in the FCRA, which contained inaccurate information in violation of the FCRA's accuracy and public records provisions at 15 U.S.C. §§ 1681e(b) and 1681k(a). Am. Compl. ¶¶ 53-64, at 14-15.[2]

---

[2] Plaintiff alleges a total of five causes of action. However, Plaintiff refers to two separate causes of action as the "FOURTH CAUSE OF ACTION," *see* Am. Compl. at 14-15. The Court hereafter refers to the "FOURTH CAUSE

Whether the Report qualifies as a "consumer report" under the FCRA is a threshold question of law. *Ernst v. Dish Network, LLC*, 49 F. Supp. 3d 377, 380 (S.D.N.Y. 2014). The FCRA defines "consumer report," in relevant part, as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – . . . (B) employment purposes[.]

15 U.S.C. § 1681a(d)(1). The definition can be divided into three elements: (1) the reporting agency communicated information, that (2) bears on the consumer's "credit worthiness, character, general reputation, personal characteristics, or mode of living," (3) for one of the enumerated purposes under the FCRA. *Ernst*, 49 F. Supp. at 381.

ClearStar argues that the social security information contained within the Report does not meet the second element because the information was merely "biographical" and thus does not bear on the consumer's credit worthiness, character, general reputation, personal characteristics, or mode of living. Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Def.'s Mem."), ECF 51-1, at 9-10. Therefore, ClearStar argues, Plaintiff does not state a claim for violations of either Section 1681e(b) or 1681k(a) with respect to ClearStar's report of her SSN information. *Id.*

As Defendants point out, there is a scarcity of case law on the subject within the Second Circuit. However, the second element has been addressed in the Southern District on at least two occasions. In *Ernst v. Dish Network*, the report at issue contained limited information including the company where the individual worked, the date the background check was opened and closed,

---

OF ACTION Violation of 15 U.S.C. § 1681e(b) Individual Claim Against ClearStar, Inc." as the "fifth" cause of action. *See id.* at 15. The first and fifth causes of action both allege violations of 15 U.S.C. § 1681e(b), but on different bases. Additionally, Plaintiff's fifth cause of action, which begins on page 15 of the Amended Complaint, erroneously repeats paragraph numbers 53 through 56. *See id.*

7

the individual's name, the last four digits of the individual's SSN, and the individual's "high risk" rating, which indicated a potential serious criminal background. 49 F. Supp. 3d at 379-80. Noting that "almost any information about consumers arguably bears on their personal characteristics or mode of living," *id.* at 382 (quoting *Trans Union Corp. v. FTC*, 245 F.3d 809, 813 (D.C. Cir. 2001), the court held that the "high risk" label on the report was "facially disparaging" and clearly conveyed information bearing on Plaintiff's character, general reputation, or mode of living, *id.* By contrast, in *Williams-Steele v. Trans Union*, the court held that an inaccurate alternative address and a missing area code were not actionable because the information did not bear on any of the factors listed in Section 1681a(d)(1) and were not likely to be used to determine credit-related eligibility. 12-CV-0310 (GBD) (JCF), 2014 WL 1407670, at *4 (S.D.N.Y. Apr. 11, 2014), *report and recommendation adopted*, 2015 WL 576707 (S.D.N.Y. Feb. 10, 2015), *aff'd sub nom. Williams-Steele v. TransUnion*, 642 F. App'x 72 (2d Cir. 2016).

ClearStar argues that *Williams-Steele* is consistent with a collection of cases in other circuits which hold that "biographical information" or "credit header" data does not have any bearing on the seven characteristics defining the scope of a "consumer report." *See* Def.'s Mem. at 11, 15. ClearStar argues that the SSN information contained within the Report here requires the same conclusion. However, the cases cited deal only with simple biographical information, absent any other connotations bearing on credit worthiness. For example, in *Dotzler v. Perot*, the court held that an address update, which contained plaintiff's SSN, was not a consumer report because "the address updates do not contain any connotations bearing on the credit worthiness of the plaintiffs." 914 F. Supp. 328, 331 (E.D. Mo. 1996). The court quoted commentary from the Federal Trade Commission ("FTC") indicating that a consumer's biographical information *with* connotations as to credit worthiness or other characteristics may constitute a consumer report. *Id.*

8

(quoting FTC Commentary to the FCRA, 16 C.F.R. § 600 App. at 379-380 (1995) ("A report limited solely to the consumer's name and address alone, with no connotations as to credit worthiness or other characteristics, does not constitute a 'consumer report,' if it does not bear on any of the seven factors.")).[3] The other cases cited by ClearStar consistently find that such personally identifying information, without more, does not fall within FCRA's definition of a consumer report because it does not bear on the seven factors outlined in Section 1681a(d)(1). *See, e.g.*, *Bickley v. Dish Network, LLC*, 751 F.3d 724, 729 (6th Cir. 2014) (finding "header information" is not a consumer report, but that an individual's internal credit risk assessment score number clearly bears on creditworthiness and is therefore a consumer report); *Individual Reference Servs. Grp., Inc. v. F.T.C.*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001) ("*IRSG*"), *aff'd sub nom. Trans Union LLC v. F.T.C.*, 295 F.3d 42 (D.C. Cir. 2002) ("credit header" data not subject to FCRA); *Gray v. Experian Info. Sols., Inc.*, 8:23-CV-981 (WFJ) (AEP), 2023 WL 6895993 (M.D. Fla. Oct. 19, 2023) (finding that disclosure listing two alternate SSNs was not a consumer report but noting that "these cases do not foreclose the possibility that personal identifying information could function as a consumer report depending on the context.").

Crucially, in addition to Plaintiff's personally identifying information, the Report included an "SSN Validation and Death Master Index Search Check" which had a disclaimer: "**The provided SSN is reported as having been issued prior to the applicant's year of birth." Am. Compl. ¶ 10, 12; *see* Def.'s Mem. at 4-5. Plaintiff argues that this statement "clearly, and unmistakably indicates that Plaintiff used a fake birthdate, or it indicates that Plaintiff does not have a valid social

---

[3] In 2011, the FTC rescinded its guidance interpreting the FCRA because the Consumer Financial Protection Bureau ("CFPB") assumed regulatory responsibility for the statute. The CFPB, however, has not issued guidance related to the disputed portions of the FCRA. *Parker v. Equifax Info. Servs., LLC*, 15-CV-14365, 2017 WL 4003437, at *3, n.2 (E.D. Mich. Sept. 12, 2017).

security number," Pl. Opp. at 16, or otherwise "make[s] Plaintiff appear as if she was not honest"—which bears on her ability to work, mode of living, and character, *id.* at 12, 16. Plaintiff asserts that the disclaimer, together with the red flag icon next to "National Criminal Database Check – AN (All Names) – Includes Sex Offender Registry and SSN Trace," is more analogous to risk reports or to a credit score "because they both allow the user of the information to render a decision based on the applicant's fitness for employment/credit." *Id.* at 16 (citing *Parker*, 2017 WL 4003437, at *3 ("A report that conveys a consumer's internal credit risk assessment score—generated based on the number of consumer-initiated credit inquiries during a 12-month period—is a consumer report. By inference, therefore, any information that displays a score communicating a consumer's credit worthiness must not be merely header data.") (citation omitted); and *Ernst*, 49 F. Supp. 3d at 382).

The Court finds that the SSN disclaimer and red flag icon in the Report bear on Plaintiff's character, thus rendering the Report a "consumer report" within the meaning of the FCRA. Here, the Report was not limited to personal identifying or biographical information. The disclaimer and red flag connote that Plaintiff's SSN does not actually belong to her and suggest that she has done something improper that impugns her moral character, which clearly bears on Plaintiff's character, reputation, and mode of living. *See Ernst*, 49 F. Supp. 3d at 382. Accordingly, ClearStar's effort to dismiss Plaintiff's first, second and fifth causes of action against it, on the ground that the Report does not qualify as a "consumer report," is denied.

### B. Duty to Reinvestigate Information in Agency's "File"

Plaintiff alleges that ClearStar violated its duty to delete false or unverified information regarding Plaintiff from its consumer file in violation of 15 U.S.C. § 1681i(a)(5). Am. Compl. ¶¶ 65-68.

10

The FCRA requires a consumer reporting agency to reinvestigate the information held within a consumer's "file" if a consumer notifies the agency of an inaccuracy. 15 U.S.C. § 1681i(a)(1)(A). If the disputed information is found to be inaccurate, the consumer reporting agency is required to delete the information and promptly notify the furnisher of that information that the information has either been modified or deleted from the consumer's file. 15 U.S.C. § 1681i(a)(5). A consumer "file" is defined as "all of the information on that consumer recorded and retained by a credit reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(d)(3)(g).

However, resellers are exempt from the reinvestigation obligations under Section 1681(a)(5), provided that the reseller: (1) determine whether the reporting errors were made by the reseller, and (2) either if the reseller was responsible for the error either correct the information or delete it, or if the reseller determines it was not responsible, notify the consumer reporting agency, who provided the information of the dispute. 15 U.S.C. § 1681i(f)(2). A "reseller" is an agency that:

> assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party . . . and . . . does not maintain a database of the assembled or merged information from which new consumer reports are produced.

15 U.S.C. § 1681a(u).

ClearStar asserts that it is not subject to the reinvestigation requirements of Section 1681i(a)(5) because it is a "reseller." Def.'s Mem. at 17-18. ClearStar asserts, as Plaintiff alleges, that it assembled and merged the disputed information from Appriss into its own report. *Id.*; *see* Am. Compl. ¶ 8 ("ClearStar, Inc. obtained the information contained in the background check report from Appriss Insights, LLC, a private third party vendor."). Therefore, ClearStar claims it

11

was not obligated to reinvestigate and delete from or correct Plaintiff's information in its file. *Id.* Rather, ClearStar asserts it has satisfied its duty under Section 1681i(f)(2) by notifying Appriss of the dispute. *Id.* (citing ECF 18-1 at 10-15). ClearStar concludes that because the inaccurate information was obtained from Appriss, it "was not part of ClearStar's 'file' and [therefore] cannot support a claim against ClearStar under § 1681i(a)." *Id.* at 18.

However, to be a reseller under the FCRA, the agency must assemble and merge information obtained from other consumer reporting agencies *and* not maintain a database of information from which new reports are produced. ClearStar has made no assertions and submits no evidence beyond the conclusory and flawed reasoning in its memorandum of law that it does not maintain a database of Plaintiff's information from which new reports may be produced. *See* Def.'s Mem. at 18; *see also Walters v. Tenant Background Search*, 16-CV-1092 (DAE), 2019 WL 4980450, at *3 (W.D. Tex. Aug. 1, 2019) (Defendant presented evidence that it was a reseller under the FCRA including interrogatories and affidavits, and Plaintiff presented no evidence to rebut that assertion). Furthermore, ClearStar's exhibit showing email correspondence between it and Plaintiff contradicts its assertion that it is not subject to the reinvestigation requirement. In those emails, ClearStar repeatedly emailed Plaintiff requesting information so that it "may continue [its] reinvestigation." *See* ECF 18-1, at 1-4. Contrary to ClearStar's assertions to this Court, the emails indicate that ClearStar likely believed it was subject to those reinvestigation requirements.

Regardless of whether the exhibit shows that ClearStar has met the FCRA's requirements for resellers under Section 1681i(f)(2), there remains a dispute of fact as to whether ClearStar retains a database of its consumer information from which new consumer reports are produced. "Where a question of fact is in dispute, it is improper for the district court to answer it on a motion

12

for dismissal on the pleadings." *Lively*, 6 F.4th at 301 (cleaned up).  Accordingly, ClearStar's motion for judgement on the pleadings as to Plaintiff's third cause of action for violations of Section 1681i(a)(5) of the FCRA is denied.

### C. Accuracy and Public Records

Plaintiff alleges that ClearStar violated the FCRA's reporting accuracy requirements in violation of Section 1681e(b) by failing to use reasonable procedures to ensure the information regarding Plaintiff's criminal history was accurate.  Am. Compl. ¶¶ 53-54.  Plaintiff also alleges that ClearStar failed to use strict procedures to ensure complete and up to date information when reporting Plaintiff's criminal history in violation of Section 1681k(a).  *Id.* ¶¶ 57-64.

Section 1681e(b) requires an agency to follow "reasonable procedures to assure maximum possible accuracy" of the reported information.  15 U.S.C. § 1681e(b).  To state a claim under this section, a Plaintiff must allege that the information was inaccurate: that "it is patently incorrect or . . . it is misleading in such a way and to such an extent that it can be expected to have an adverse effect."  *Khan v. Equifax Info. Servs., LLC*, 18-CV-6367 (MKB), 2019 WL 2492762, at *2-3 (E.D.N.Y. June 14, 2019) (citations omitted).  This is a "threshold question, and if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary."  *Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021) (citations omitted).  In determining whether information is misleading or inaccurate, courts in the Second Circuit apply the "materially misleading" test.  *See, e.g.*, *id*.  "Mere imprecision is not enough. Rather, a plaintiff must establish that the information provided by the consumer reporting agency is open to an interpretation that is directly contradictory to the true information."  *Id.* (cleaned up); *accord Silber v. TransUnion, LLC*, 23-CV-07182 (NSR) (JCM), 2025 WL 588620, at *3 (S.D.N.Y. Feb. 24, 2025).  The disputed information should not be read

13

in isolation, but in the full context of the report. *See Gross*, 512 F. Supp. 426-27 (finding plaintiff failed to allege facts that report was materially misleading where overdue pay status entry, read in the context of other entries, made clear that plaintiff's account had $0 past due).

Unlike Section 1681e(b), Section 1681k(a) requires that an agency, when furnishing "matters of public record" which are "likely to have an adverse effect upon a consumer's ability to obtain employment," must either (1) provide notice to the subject of the report when the report is transmitted, or (2) maintain *strict* procedures to ensure that such information "is complete and up to date." 15 U.S.C. § 1681k(a). Under Section 1681k, a plaintiff need only allege that information of public record was either incomplete or out of date.

ClearStar argues that Plaintiff's claims for violation of Sections 1681e(b) and 1681k(a) claims should be dismissed because the Report did not imply Plaintiff had any criminal record. Def.'s. Mem. at 18. ClearStar argues that no reasonable reader, viewing the red flag icon next to the phrase "National Criminal Database Check – AN (All Names)" in the full context of the Report would have believed Plaintiff had a criminal or sex offender record. *Id.* at 19-20 (citing *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022) (applying the "reasonable reader" test)). ClearStar argues that because the report also contained the phrase in bold text "**The provided SSN is reported as having been issued prior to the applicant's year of birth[,]" a reasonable reader would conclude that the red flag was "about the presence of social security number issue, not about criminal or sex offense records." *Id.* at 20. Plaintiff argues that a reader could "readily infer" that the red flag was caused by "criminal, sex offender, or SSN information." Pl.'s Opp. at 20.

Here, the red flag in the Report sits next to the line "National Criminal Database Check – AN (All Names) – Includes Sex Offender Registry and SSN Trace." ECF 1, at 18 (Ex. 1). As suggested by Plaintiff, this juxtaposition implicates a criminal, sex offender, *or* SSN trace record.

14

*See* Pl.'s Opp. at 20. The next page of the report makes clear that Plaintiff's social security information was reported as inconsistent with her date of birth. ECF 1, Ex. 1, at 2.

The Report does not clarify whether the red flag also applies to a criminal or sex offender record. *See id.* While the Report read in its full context suggests that the "red flag" refers to Plaintiff's SSN, the Report does not clarify whether the red flag also applies to a criminal or sex offender history. Where the Report is silent as to any such history, or the absence thereof, a reader may reasonably interpret the report to mean that Plaintiff had a criminal or sex offender record.[4] However, because the Report did not report a criminal history or sex offense record that was inaccurate or incomplete, and indeed no such record is alleged to exist, Plaintiff has failed to plausibly allege that ClearStar reported incomplete or out of date matters of public record in violation of Section 1681k.

Accordingly, ClearStar's motion for judgment on the pleadings, with respect to Plaintiff's first cause of action for violation of Section 1681e(b), is denied. ClearStar's motion is granted with respect to Plaintiff's second cause of action for violation of Section 1681k(a).

---

[4] Plaintiff's first cause of action under Section 1681e(b) alleges only that the report contained inaccurate information about Plaintiff's criminal history. *See* Am. Compl. ¶¶ 53-57. Plaintiff's fifth cause of action (erroneously labeled a second "fourth" cause of action), also alleging a violation of Section 1681e(b), is premised on the inaccuracies with regard to Plaintiff's SSN–and is not implicated here. *See id.* ¶¶15-16. Plaintiff's second cause of action alleging a violation of Section 1681k(a) is premised only on the purported criminal history information reported. *See id.* ¶¶ 57-64.

15

## CONCLUSION

For the foregoing reasons, ClearStar's motion for judgment on the pleadings is granted in part and denied in part. ClearStar's motion is granted with respect to Plaintiff's second cause of action against ClearStar and is denied with respect to all other claims.

SO ORDERED.

                                                                       /s/
                                                ORELIA E. MERCHANT
                                                United States District Judge

Dated: May 29, 2025
      Brooklyn, New York